NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-257 |
| Plaintiff - Appellee, | D.C. No. 3:19-mj-23373-MSB-GPC-1 |
| v. | MEMORANDUM* |
| SAMUEL MATEO-MARTINEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael S. Berg, Magistrate Judge, Presiding

Submitted April 9, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Samuel Mateo-Martinez appeals his misdemeanor conviction for attempted illegal entry in violation of 8 U.S.C. § 1325(a).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

"We review the magistrate judge's legal conclusions de novo and [his] factual findings for clear error." *United States v. Powers*, 129 F.4th 617, 623 (9th Cir. 2025).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.    "For a challenge to the sufficiency of the evidence following a bench trial, we review 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Stackhouse*, 105 F.4th 1193, 1198 (9th Cir. 2024) (quoting *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018)).  For the evidence to be deemed sufficient in a case in which the conviction depends in part on a defendant's admission, the government (1) "must introduce sufficient evidence to establish that the criminal conduct at the core of the offense has occurred," and (2) "must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable."[2]  *United States v. Lopez-*

---

[1] Mateo-Martinez's Unopposed Motion to Extend Time to File Reply Brief, Dkt. 30, is granted.

[2] To the extent that an irreconcilable intra-circuit split exists as to the standard of review that applies to the corroboration of an admission for purposes of the corpus delicti doctrine, *compare, e.g.*, *United States v. Gonzalez-Godinez*, 89 F.4th 1205, 1208 (9th Cir. 2024) (clear error); *with United States v. Valdez-Novoa*, 780 F.3d 906, 921 (9th Cir. 2015) (de novo), we need not call for rehearing en banc because the outcome in this case does not turn on the applicable standard of review, *see Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478 (9th Cir. 1987) (en banc).  Even assuming de novo review applies, the government has produced sufficient corroborating evidence.

*Alvarez*, 970 F.2d 583, 592 (9th Cir. 1992); *see also Valdez-Novoa*, 780 F.3d at 923 (the core conduct of a violation of § 1326(a) is "attempted *illegal* entry"). These requirements are not "a high bar." *Gonzalez-Godinez*, 89 F.4th at 1210. The government need not provide "evidence that would be independently sufficient to convict the defendant." *Id.* (quoting *Valdez-Novoa*, 780 F.3d at 923).

The magistrate judge found that Mateo-Martinez was apprehended in a remote area two miles north of the border and seven miles from the nearest port of entry. A locked gate limits access to "the only road in and out of that area" to city officials and the United States Border Patrol. After a remote imaging sensor was triggered, a Border Patrol agent followed footprints leading away from the sensor and found Mateo-Martinez "hiding" in a large bush with three other individuals. Mateo-Martinez did not emerge from the bush until he was asked to do so. These facts provide circumstantial evidence that Mateo-Martinez attempted to illegally enter the United States and tend to establish the trustworthiness of his admission that he is a Mexican citizen and lacked documents permitting him to be in the United States. *See Lopez-Alvarez*, 970 F.2d at 592. Thus, there was sufficient evidence to corroborate Mateo-Martinez's admission of alienage.

2. The magistrate judge neither applied the incorrect legal standard for specific intent nor improperly shifted the burden of proving intent to Mateo-Martinez by finding that the fire in Mexico did not support a valid duress defense.

The Border Patrol agent testified that a "large fire" was burning somewhere across the border and that he could see smoke from the fire when he arrested Mateo-Martinez. The magistrate judge did not and was not required to infer from this vague testimony that Mateo-Martinez had been in Mexico near the fire while it was burning and then traveled into the United States to move away from the fire. *See United States v. Khatami*, 280 F.3d 907, 910 (9th Cir. 2002). Without those inferences, the fire was not relevant to Mateo-Martinez's specific intent in entering the United States.

Even if the fire provided an alternative explanation for Mateo-Martinez's conduct, absent evidence to the contrary, we presume the magistrate judge considered this possibility and rejected it. *See United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007) ("[A] reviewing court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." (quoting *Wright v. West*, 505 U.S. 277, 296–97 (1992))); *see also United States v. Coutchavlis*, 260 F.3d 1149, 1157 (9th Cir. 2001) ("That the magistrate judge did not orally explain his reasoning with the precision that might be expected from a written decision is not sufficient reason to conclude that he placed the burden on the defendant to prove his innocence . . . ."). Moreover, the magistrate judge's explanation of

4                                                        24-257

which facts proved the "corpus" of the crime shows that he understood that attempted illegal entry in violation of § 1325(a) requires the specific intent to enter the United States "free from official restraint." *United States v. Rizo-Rizo*, 16 F.4th 1292, 1295 n.1 (9th Cir. 2021).

3.    Mateo-Martinez's argument that § 1325 violates his Fifth Amendment right to equal protection is foreclosed by *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023).

**AFFIRMED.**